**AMERICAN INDEMNITY CO. v. SHAW, Banking Com'r.**

No. 9140.

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 15, 1933.

Terry, Cavin & Mills and Joyce Cox, all of Galveston, for appellant.

Moursund, Johnson, Rogers & Slatton and Woodville J. Rogers, all of San Antonio, for appellee.

FLY, Chief Justice.

This suit was instituted by appellee as commissioner of banking in the state of Texas, against appellant, American Indemnity Company, to recover on a bond in the sum of $10,000, executed by the company and Nolan Hayden, as cashier, to the Guaranty Bond State Bank of Tivoli, afterwards changed to Tivoli State Bank, to secure said bank from embezzlement, willful misapplication, and wrongful abstraction of the bank's funds, while the said Nolan Hayden was acting as cashier of said bank. The bond was dated March 9, 1928, and expired March 9, 1929, but continuance certificates were obtained by the bank, from year to year, up to and including March 9, 1932. It was alleged in the petition that sums had been embezzled from the bank by said Hayden in an excess of the amount of the bond. It is alleged that on the 31st day of January, 1932, the bank was declared insolvent by appellee, and all of its assets taken possession of by him as banking commissioner. Appellant in its answer alleged that the continuance certificates were each obtained at the time when the bank was fully cognizant of the fact that its cashier had embezzled its funds, but, in order to procure continuance of the bond, the bank represented to appellant that the accounts were all correct and that the cashier was properly performing his duty to the bank. Appellant alleged that through such representations, which were known to be false, it was induced to continue the indemnity bond in the sum of $10,000. It was also claimed by appellant that there had been no embezzlement or abstraction of funds by Hayden during the life of the indemnity bonds.

The cause was tried by jury on special issues submitted by the court, and on the re-

sponses thereto judgment was rendered for appellee in the sum of $10,000, with interest.

The jury found that said Nolan Hayden did, between March 9, 1928, and March 9, 1932, embezzle, willfully misapply, and wrongfully abstract the sum of $13,475 from said bank. Two special issues were requested by appellant but denied by the court.

The first and second propositions are directed at the total lack or insufficiency of the evidence to support any embezzlement, wrongful abstraction, or misapplication of funds of the bank by Nolan Hayden. The evidence clearly and without contradiction showed that funds of the bank had been embezzled and misappropriated by Hayden, as cashier of the bank, and the jury was warranted in finding as they did in reference to the embezzlement, misapplication, and abstraction of the funds. The first two propositions are therefore overruled.

■ It must be kept in view in the consideration of this case that the bond of indemnity was obtained by Nolan Hayden and not by the bank. The bank of course was the beneficiary of the insurance, but it was the business and duty of the employee to apply for and obtain the policy of insurance to indemnify the bank. The bank made no application for the bond of indemnity, but that application was made by Hayden alone and the bond issued to him for the purpose of indemnifying the bank against any default on his part. No application signed by the bank was in evidence, and it was therefore impossible for representations made by the officers of the bank to be attached to any such supposed application for insurance. We need not pass upon the applicability of article 5049 of the Revised Statutes to the representations made by the officers at the time certificates of continuance were given, because it does not apply. Still the court was right in rejecting the testimony made by the president and other officers of the bank as to the character of Nolan Hayden and the state of his accounts with the bank, because it is clear that the bank made no application, made no representations as to Nolan Hayden, and cannot be held responsible for the representations of the president and other officers of the bank, made without the scope of their authority and employment. There is nothing to show that the bank, as a bank, ever acted in regard to any such representations. The bond given was for the purpose of indemnifying the bank, and not the officers of the bank, and was given upon the application of Hayden the cashier of the bank.

Speaking on this subject, in the case of American Surety Company v. Pauly, 170 U. S. 133, 18 S. Ct. 552, 559, 42 L. Ed. 977, the Supreme Court of the United States held:

"The company insists that in obtaining the bond in suit Collins acted for the bank, and, as a corporation can only speak by agents, the bank is responsible for any false or fraudulent statements in the certificate given by Collins to the surety company, and which he signed as president of the bank. * * *

"In the first place, the procuring of a bond for O'Brien, in order that he might become qualified to act as cashier, was no part of the business of the bank, nor within the scope of any duty imposed upon Collins as president of the bank. It was the business of O'Brien to obtain and present an acceptable bond. And it was for the bank, by its constituted authorities, to accept or reject the bond so presented. The bank did not authorize Collins to give, nor was it aware that he gave, nor was he entitled, by virtue of his office as president, to sign, any certificate as to the efficiency, fidelity, or integrity of O'Brien. No relations existed between the bank and the surety company until O'Brien presented to the former the bond in suit. What, therefore, Collins assumed, in his capacity as president, to certify as to O'Brien's fidelity or integrity, was not in the course of the business of the bank, nor within any authority he possessed. He could not create such authority by simply assuming to have it. The circuit court of appeals, speaking by Judge Lacombe, well said that there were many acts which the president of a bank may do without express authority of the board of directors, in some cases because the usage of the particular bank impliedly authorized them, in other cases because such acts were fairly within the ordinary routine of his business as president; but that the making of a statement as to the honesty and fidelity of an employee for the benefit of the employee, and to enable the latter to obtain a bond insuring his fidelity, was no part of the ordinary routine business of a bank president, and there was nothing to show that by any usage of this particular bank such function was committed to its president.

"It must therefore be taken, as between the bank and the company, that the former cannot be deemed, merely by reason of Collins' relation to it, to have had constructive notice that he, as president, gave the certificate in question."

The case by the Supreme Court of the United States is conclusive as to the propriety of the rejection of the testimony offered by appellant as to the declarations of the officers of the bank. We think that it is correct, and no amount of argument can add anything to its force or effectiveness. We therefore overrule all propositions under the third assignment of error.

■ The fourth assignment of error is overruled because the knowledge of one of the directors concerning the embezzlement could

not affect the bank. The second requested issue is dependent on the first requested issue, and we hold that it, too, was properly overruled.

None of the remaining assignments of error contains merit, and each and all of them are overruled.

The judgment is affirmed.